Adam M. Zolonz (SBN 250591)
Jeffrey A. Zolonz (SBN 73285)
Stephen Parnell (SBN 314517)
LAW OFFICES OF ADAM ZOLONZ, A.P.C.
1680 N. Vine Street, Suite 912
Los Angeles, California 90028
Telephone: 310.247.8230
Facsimile: 310.888.1129
E-mail: adam@zolonzassociates.com
E-mail: jeff@zolonzassociates.com
E-mail: sparnell@zolonzassociates.com

Attorneys for Plaintiff
FEI LIU

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| FEI LIU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Corporation; and<br>DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-7244-R (AGRx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4**<br><br>Judge: Hon. Manuel L. Real<br>Date: August 20, 2018<br>Time: 11:00 AM<br><br>Trial: September 18, 2018 |

**TO DEFENDANT AND ITS ATTORNEY OF RECORD:**

Plaintiff FEI LIU ("Plaintiff") hereby opposes Defendant's BMW OF NORTH AMERICA ("Defendant" or "BMW") motion in limine seeking an Order to "exclude reptile theory". (Def.'s Mot. In Limine No. 4., Proposed Order).

-i-
PLAINTIFF'S OPP. TO DEF.'S MOT. IN LIMINE NO. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of the purchase of a new 2015 BMW M3 ("Vehicle") by Plaintiff Fei Liu on or about January 16, 2015. The Vehicle was manufactured, distributed, and warranted by Defendant BMW of North America, LLC. Less than 9,000 miles after purchasing the Vehicle, Plaintiff encountered the first of a series of electrical problems that were ultimately attributed to a wire rubbing and grounding against the master cylinder after no less than four (4) presentations of the vehicle to Defendant's authorized repair facilities and more than 30 days down. Specifically, Plaintiff presented his vehicle for navigation screen shutoff, air conditioning shutoff, and illumination of multiple warning messages related to malfunction of the headlights, passenger restraint, and other systems. During the March 10, 2017, presentation of the Vehicle, Defendant's authorized repair facility, acting on advice from Defendant's technical support, replaced the headlight modules and claimed the problem had been repaired, ignoring the simultaneously made complaints of air conditioning failure and presence of check control messages related to other systems. During the June 2, 2017, presentation of the Vehicle for continuation of the issues, Defendant's technical support advised the dealership to replace the FEM control module. The dealership returned the Vehicle to Plaintiff on June 16, 2017. Plaintiff encountered the same issues shortly after leaving the dealership and returned the Vehicle for further repairs. This time, the dealership found that a wire had rubbed against and grounded to the master cylinder.

Additionally, on or about September 15, 2016, Plaintiff presented his vehicle for creaking noise from the doors, but Defendant's authorized repair facility asserted that the condition was a normal result of dirty door seals and refused to refused to attempt a repair despite the existence of SI B51 10 16. Plaintiff continues to endure creaking noises.

Similarly, on or about December 2, 2016, Plaintiff presented the vehicle for

LAW OFFICES OF ADAM ZOLONZ, A.P.C.
1680 N. Vine Street, Suite 912
Los Angeles, CA 90028

abnormal brake noise encountered when stopping or turning, but Defendant's authorized repair facility again asserted that the condition was consistent with normal operation and refused to attempt repair. Plaintiff continues to endure abnormal brake noise.

Plaintiff contends that these issues, both individually and collectively, have substantially impaired the use, value, and safety of the Vehicle. During at least six of the first 24 months of ownership, vital safety systems, including the airbags, appear to have been compromised as a result of a manufacturing defect that permitted a wiring loom to rub against the master cylinder until it grounded. During the same period, the Vehicle was subject to at least four repair attempts and more than a month in the shop. Along the way, Plaintiff was repeatedly assured that Defendant's repair facility had resolved the problem only to have it reoccur.

On or about June 27, 2017, Plaintiff, by way of counsel, contacted Defendant to request repurchase of his Vehicle. On July 20, 2017, Defendant refused to comply with California's Song-Beverly Consumer Warranty Act and repurchase the Vehicle, forcing Plaintiff to initiate this action.

Defendant seeks an order excluding reptile theory. (Def.'s Mot. In. Limine No.4., Proposed Order). However Plaintiff has not read the manual "Reptile: The 2009 Manual of the Plaintiff's Revolution." As such, there is no way Plaintiff would use any of the techniques alleged by Defendant. Defendant seeks "an order restricting Plaintiff's counsel, Plaintiff, and any witnesses from making any comment or argument that jurors base their verdict on damages in an amount that the juror would charge to endure similar incidents or that a verdict for the Plaintiff will make the community safer because it will prevent BMW NA or others similarly situated from acting in a similar fashion to the juror, the juror's family or someone closer to the juror" (Def.'s Mot. In Limine No. 4, 1:23-28.)

//
//

## II. ARGUMENT

### A. Plaintiff has given no indication of using "Reptile Theory."

Plaintiff's counsel has not read materials on or attended training regarding Reptile Theory, does not plan on using it, and made this clear to defense counsel prior to the filing of Defendant's motion in limine number 4.

### B. Plaintiff must appeal to a reasonable person standard.

As the California Court of Appeal held in *Lundy v. Ford Motor Co.* 87 Cal.App.4th 472, 478 (2001) the test for substantial impairment is objective, based on what a reasonable person would understand to be a defect applied "within the specific circumstances of the buyer." (*Ibid*). Therefore, the jury must weigh substantial impairment by placing themselves, or a hypothetical reasonable person, in the circumstances of the Plaintiff, yet Defendant seeks to preclude all argument that would assist the jury to do precisely this.

### C. Defendant Provides No Case Authority To Support Its Contentions About the "Reptile Theory".

The SBA applies a two-part test to the question of whether a vehicle qualifies for repurchase: (1) the vehicle has a nonconformity to warranty; and (2) the manufacturer or its representative is unable to properly repair it after a "reasonable number of attempts." Cal. Civ. Code § 1793.2. Under the SBA, the term "nonconformity" means that which substantially impairs the use, value or safety of the new motor vehicle to the buyer or lessee. buyer who is the Plaintiff. Ibid., subd. (e)(1).

"An attorney's appeal in closing argument to the jurors' self-interest is and thus is misconduct because such arguments tend to undermine the jury's impartiality." (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 796 [16 Cal. Rptr. 3d 374, 94 P.3d 513] (*Cassim*).)" Regalado v. Callaghan, 3 Cal. App. 5th 582, 598, 207 Cal. Rptr. 3d 712, 725-26 (2016)

Defendant's reliance upon Regalado, 3 Cal.App.5th 582, is misplaced. The Regalado court did neither validated nor addressed Defendant's characterization of Plaintiff's counsel's closing remarks as a "reptile" argument where Plaintiff's attorney was talking about the role of the jury verdict in enforcing the greater good for the general public." 3 Cal. App. 5th at 598. The trial court found the objection was untimely. Ibid. With regards to Defendant's claim that Plaintiff's counsel committed misconduct by urging the jury to base its verdict on protecting the community, the court stated, "An attorney's appeal in closing argument to the jurors' self-interest is improper and thus is misconduct because such arguments tend to undermine the jury's impartiality." 3 Cal. App. 5th at 598. However, the court did not rule on the issue in Regalado due to defense counsel's untimely objection and failure to request a curative admonition. In dictum, the court stated that "although in our view the remarks from Regalado's counsel telling the jury that its verdict had an impact on the community and that it was acting to keep the community safe were improper, the comments were so brief that they were not prejudicial in our view." Ibid. Lastly, Regalado does not at all address the issue of whether a comment or argument that jurors base their verdict on damages in an amount that the juror would charge to endure similar incidents panders to a jury's self-interest, and is thus not relevant to that request.

Here, Plaintiff is not contesting the prohibition against "Golden Rule" arguments. With the exception of Regalado, all of the cases cited in BMW's motion in limine No. 4 is limited to the "Golden Rule" issue. The Regalado court did neither validated nor addressed Defendant's characterization of Plaintiff's counsel's closing remarks as a "reptile" argument where Plaintiff's attorney was talking about the role of the jury verdict in enforcing the greater good for the general public." 3 Cal. App. 5th at 598. Therefore Defendants have failed to provide any authority that states the "Reptile" theory is the same as the "Golden Rule" argument.

**D. Defendant's Motion is Vague and Over-Broad.**

Defendant's motion in limine is an inappropriate attempt to control Plaintiff's trial strategy. Further, Plaintiff's counsel has never read the manual "Reptile Theory" and thus Defendant's concerns that Plaintiff's counsel will use this theory is unfounded.

## III. CONCLUSION

Accordingly, Defendant's Motion *in limine* should be denied.

DATED: July 30, 2018

Respectfully submitted,
LAW OFFICES OF ADAM ZOLONZ

BY:   /s/Stephen Parnell
Adam Zolonz
Jeff Zolonz
Stephen Parnell
Attorneys for Plaintiff
FEI LIU

# CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2018, I filed the foregoing document entitled **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

_____/s/ Stephen Parnell_____