# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE, entered by, between and among Fei Liu ("Plaintiff") and BMW of North America, LLC ("Defendant").

## WITNESSETH:

WHEREAS, Plaintiff filed an action in Los Angeles County Superior Court against Defendant, entitled Liu v. BMW of North America, LLC, et al., (Case No. BC674373). The matter was removed to United States District Court, Central District of California, Case No. 2:17-cv-07244-AFM ("the Action");

WHEREAS, the Action concerns Plaintiff's purchase of a 2015 BMW M3, vehicle identification number WBS3C9C5XFP804508 ("the Vehicle").

WHEREAS, the parties desire to settle and resolve any and all claims, controversies, or disputes between them with respect to the Action and the Vehicle;

NOW, THEREFORE, in consideration of the premises and of the mutual covenants and agreements hereinafter made, the parties agree as follows:

1. Upon receipt of a copy of this Agreement signed by Plaintiff, Defendant will pay $25,000.00 (Twenty-Five Thousand Dollars and Zero Cents) to Plaintiff and Plaintiff's attorneys of record, Law Offices of Adam Zolonz.

2. Pursuant to Civil Code section 1794(d), Defendant agrees to pay Plaintiff's reasonable attorneys' fees, costs and expenses incurred in the commencement and prosecution of this action. In the event the parties cannot agree on reasonable attorneys' fees, costs and expenses within thirty (30) days of the date of having a fully-executed release, the parties agree that pursuant to Civil Code section 1794(d), Defendant shall pay Plaintiff's attorneys' fees, costs, and expenses that have been reasonably incurred by Plaintiff in the commencement and prosecution of this action in an amount to be determined by the Court by way of noticed Motion. For the limited purposes of that motion, Defendant acknowledges and stipulates to the fact that Plaintiff is the "prevailing party" under Civil Code section 1794(d) and consistent with, and as defined by, *Garcia v. Mercedes-Benz USA, LLC,* (2018) 231 Cal.Rptr.3d 123.

3. Upon receipt of the payments described in paragraph 1 and paragraph 2, Plaintiff will dismiss the Entire Action, with prejudice, and will send Defendant's attorneys a conformed copy of the Request for Dismissal upon receipt from the Court.

4. For valuable consideration, and the mutual covenants and agreements contained herein, Plaintiff hereby fully and forever releases and discharges Defendant and its dealers, their predecessors and successors in interest, assigns, and their past, present and future officers, directors, shareholders, agents, employees, parent and subsidiary organizations, affiliates, general and limited partners, managing agents, representatives, lawyers, trustees, beneficiaries,

and all persons acting by, through, under or in concert with them, from, and relinquishes, any and all past, present or future claims, demands, obligations, or causes of action, for compensatory or punitive damages, costs, attorneys' fees, losses, expenses, and compensation, of any nature whatsoever, known or unknown, fixed or contingent, in law or in equity, which Plaintiff now has or may hereafter have against Defendant or any of the persons described above, by reason of, arising out of, based upon or relating to the Action, the Vehicle, or any other transactions between the parties through the date this Agreement is executed.

5. Plaintiff acknowledges and agrees that the foregoing release applies to all claims for injuries, damages or losses to Plaintiff's person or property, real or personal, whether those injuries, damages or losses are known or unknown, foreseen or unforeseen, or patent or latent, which Plaintiff may have against Defendant. Plaintiff hereby waives application of California Civil Code Section 1542, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff hereby waives any rights under this statute as well as under any other statutes or common law principles of similar effect, and states that Plaintiff intends by this Agreement to settle all claims, regardless of whether such claims are currently known or unknown, foreseen or unforeseen. Plaintiff understands and acknowledges that the significance and consequence of this waiver of Section 1542 of the California Civil Code, is that even if Plaintiff should eventually suffer additional damages arising out of any transactions between or among the parties before the execution of this Agreement, Plaintiff will not be allowed to make any claims for those damages. Furthermore, Plaintiff acknowledges that Plaintiff intends these consequences even as to claims for injury or damages that may exist as of the date of this Agreement, but of which Plaintiff is not aware, and which, if known, would materially affect Plaintiff's decision to execute this Agreement, regardless of whether this lack of knowledge is the result of ignorance, oversight, error, negligence or any other cause.

6. Plaintiff represents that Plaintiff has not assigned or transferred, or purported to assign or transfer, any of the claims released hereunder.

7. This Agreement is the result of a compromise of disputed claims. Each party denies any liability whatsoever to the other party. The settlement herein shall not be construed as an admission of liability by any of the parties hereto. In executing this Agreement, it is the intention of each party to fully and finally dispose of any and all claims which exist or may hereafter exist among the parties arising out of or in any manner connected with or related to the Vehicle or the Action.

8. This Agreement has been jointly drafted and negotiated by and between and among all parties through their attorneys of record. No individual party or entity or counsel to any party or entity shall be deemed to have drafted, prepared or otherwise written this Agreement and the Agreement shall not be construed in favor of or against any party hereto.

9. The financial terms of this Agreement are confidential and shall not be communicated to any person (except counsel, accountants and the parties hereto), except and unless required by law.

10. The parties warrant and represent that in executing this Agreement they have relied on legal advice from the attorneys of their choice, that the terms of this Agreement and its consequences have been completely read and explained to them by their attorneys, and that the parties fully understand the terms of this Agreement.

11. This Agreement is the entire agreement between and among the parties, and may not be modified except by an instrument in writing duly executed by both parties. The parties acknowledge and represent that, in executing this Agreement, they have not relied on any inducements, promises or representations other than those expressly set forth herein.

12. This Agreement shall become effective immediately upon execution by the parties and may be executed in counterparts.

13. Time is of the essence in the performance of and compliance with each of the provisions and conditions of this Agreement.

14. This Agreement shall be subject to, governed by and construed and enforced pursuant to the laws of the State of California.

DATED: 1/5/2019 ____________________ [signature]

Fei Liu

BMW OF NORTH AMERICA, LLC

DATED: ____________________ ____________________